**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI**

| | |
|---|---|
| RICKI RICH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.1:22-cv-00015 |
| HEYMAN LAW, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes RICK RICH ("Plaintiff"), by and through the undersigned complaining as to the conduct of HEYMAN LAW, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Southern District of Ohio.

### PARTIES

1

4. Plaintiff is a nature person over 18 years of age residing in Middletown, Ohio, which lies within the Southern District of Ohio.

5. Defendant is a law firm whose practice includes regularly collecting or attempting to collect debts owed to its clients.[1] Defendant is a limited liability company organized under the laws of the state of Ohio with its principal place of business located at 10700 Montgomery Road, Suite 230, Cincinnati, Ohio.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8. The instant matter stems from Defendant's attempts to collect upon a purportedly defaulted obligation Plaintiff is said to owe to CMC Properties ("subject debt").

9. Upon information and belief, the subject debt stems from Plaintiff's purportedly defaulted payments said to be owed to a previous landlord in connection with her residential dwelling.

10. Upon further information and belief, CMC Properties had previously obtained a default judgment in connection with the subject debt several years ago, unbeknownst to Plaintiff.

11. On or about September 9, 2021, Plaintiff received a letter from Defendant in the mail advising her that Defendant had been substituted as counsel in connection with a case dealing with the subject debt.

12. The collection letter further informed Plaintiff that Defendant was a debt collector acting as such and that any information it obtained would be used for its purpose of debt collection.

---

[1] http://www.heymanlaw.com/practice-areas/

13.  As the initial written communication Defendant sent to Plaintiff, Defendant was required to provide the notices required under 15 U.S.C. § 1692g(a).

14.  However, Defendant's collection letter inadequately tracks and deceptively represents the nature of Plaintiff's rights under the FDCPA.

15.  Defendant's collection letter provides that "Unless you dispute all or part of the debt in writing within this period of time, we will assume the debt is valid."

16.  However, Plaintiff need only dispute the debt orally in order to prelude Defendant from assuming its validity – as such, Defendant falsely represented the extent to which Plaintiff had to dispute the debt in writing to trigger Defendant's obligation to no longer assume the debt's validity. *See* 15 U.S.C. § 1692g(a)(3).

17.  Nevertheless, Plaintiff did not recognize this debt or understand whether Defendant's collection efforts were proper, and so she wanted to dispute the debt.

18.  On or about September 29, 2021, Plaintiff sent Defendant a letter via mail advising Defendant that she disputed the debt and was requesting validation thereof, as well as requesting information about the creditor's identity.

19.  Around this same time, Defendant began garnishing Plaintiff's wages in connection with its efforts to collect the subject debt.

20.  Upon information and belief, Defendant received Plaintiff's letter within several days of her sending the same.

21.  Plaintiff's wages were first garnished by Defendant on October 1, 2021.

22.  Plaintiff's wages were garnished again on October 7, 2021.

23.  However, after receiving Plaintiff's dispute and request for validation, Defendant was obligated to cease all efforts to collect the subject debt, including continuing to garnish Plaintiff's

3

wages, until it provided Plaintiff validation of the debt and the information requested. *See* 15 U.S.C. § 1692g(b).

24. Defendant received Plaintiff's dispute before it allowed her wages to be garnished on October 7, 2021, and therefore was required to cease its garnishment of Plaintiff's wages until it provided her a response to her dispute.

25. However, Defendant continued efforts to collect the subject debt through garnishments without providing Plaintiff the validation necessary to supports its continued collection efforts.

26. Defendant's initiation of garnishment proceedings within Plaintiff's timeframe dispute the subject debt, while not inherently unlawful, nevertheless required Defendant to be ready to cease its collection efforts upon receiving a dispute, which it woefully failed to do.

27. As a result, Plaintiff has lost time dealing with Defendant's conduct, has been subjected to improper wage garnishment, and has further suffered emotional distress resulting from her deprivation of property without being provided statutorily required information.

28. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, confusion, aggravation, the deprivation of her ability to intelligently determine how to address the subject debt, pecuniary harm in the form of improper wage garnishments, risk of harm stemming from Defendant's failure to comply with substantive requirements of law, and a violation of her federally protected interests to be free from deceptive, misleading, and unfair collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of 15 U.S.C § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

36. Defendant violated 15 U.S.C. § 1692e, e(2), e(5) and e(10) when it continued to garnish Plaintiff's wages without providing her the required validation or otherwise responding to her dispute. Defendant's garnishment of Plaintiff's wages after receiving her dispute was unlawful, yet Defendant persisted, underscoring the false, deceptive, and misleading nature of its conduct.

37. Defendant further violated 15 U.S.C. § 1692e, e(2), and e(10) through its failure to accurately provide Plaintiff with the nature of her dispute and validation rights under the FDCPA. Defendant's collection letter falsely, deceptively, and misleadingly stated that the disputes

pursuant to 15 U.S.C. § 1692g(a)(3) must be in writing, when that is not the case. Defendant's conduct posed a risk of harm to Plaintiff's interests under the statute.

**b. Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated §1692f when it unfairly persisted in garnishing Plaintiff's wages without providing the information required for Defendant's conduct to be considered lawful.

40. Defendant further violated § 1692f when it unfairly misrepresented the nature of Plaintiff's dispute and validation rights under the FDCPA.

**c. Violations of FDCPA § 1692g**

41. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to, in their initial written communications with consumers, provide consumers with various pieces of information regarding such consumers' rights to dispute the validity of debts serving as the basis of the debt collectors' collection efforts, including the amount of the debt, an indication of the creditor to whom the subject debt was owed, as well as various disclosures as to a consumer's dispute and validation rights.

42. Defendant violated 15 U.S.C. § 1692g(a)(3) through its representation that such disputes must be in writing. Contrary to Defendant's representations, the FDCPA clarifies that a consumer's oral dispute is sufficient to trigger Defendant's obligation to no longer assume a particular debt is valid. Defendant's suggestion to the contrary is in violation of the plain language of the FDCPA and posed a risk of harm to Plaintiff and poses a risk of harm to consumers.

43. Pursuant to 15 U.S.C. § 1692g(b), "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is

disputed, or that the consumer requests the name and address of the original creditor, the debt collector **shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**" (emphasis added).

44. Defendant violated § 1692g(b) through its failure to cease collection of the subject debt after receiving Plaintiff's dispute and request for creditor information. Notwithstanding Defendant's receipt of Plaintiff's dispute, Defendant allowed her wages to continue to be garnished without ever providing Plaintiff the required validation or creditor information.

WHEREFORE, Plaintiff, RICKI RICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Statutory damages under 15 U.S.C. § 1692k(a);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 10, 2022

Respectfully submitted,

s/ Chad W. Eisenback
Chad W. Eisenback
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (312) 313-1613
Facsimile: (630) 575-8188
ceisenback@sulaimanlaw.com